UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

**OSVALDO SIMON**,

      Plaintiff,

vs.

**VICE TOWING, INC. and
ALFREDO EGUED, INDIVIDUALLY**

      Defendant(s).

_____/

## COMPLAINT

Plaintiff, OSVALDO SIMON ("Plaintiff"), by and through the undersigned counsel,

hereby sues Defendants, VICE TOWING, INC. ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees
   or costs resulting from Defendants' violations of the Fair Labor Standards Act, 29 U.S.C.
   §§ 201-219 ("FLSA"), retaliation under F.S. § 440.205

2. Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami-
   Dade County Florida, within the jurisdiction of this Honorable Court.

3. Defendant, VICE TOWING, INC. is a Florida Profit Corporation, conducting business in

Miami-Dade County, Florida, where Plaintiff worked for Defendant and at all times material

hereto was and is engaged in interstate commerce.

4.  Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County.

5.  Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

6.  All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7.  Plaintiff performed work for Defendant from on or about May 2017 to on or about October 1, 2018 as a Driver.

8.  Plaintiff worked about 90 hours per week including overtime.

9.  Plaintiff was not paid for any of his overtime hours while working for the Defendant.

10. Defendant's owner Alfredo Egued, expected his workers to work about 13 hours per day.

11. Plaintiff bought a truck of his own to open his own company, Defendant soon discovered this fact and did not approve.

12. Plaintiff advised the Defendant that this was due to Plaintiff not making enough money working with the Defendant, so he wanted an additional means of income

13. Defendant informed the Plaintiff that he no longer worked for the company on or about October 1, 2018.

14. Plaintiff then asked to be paid his last check, but the Defendant told Plaintiff that he would be holding his check until Plaintiff brought in his uniform and that he would be payed upon its return.

15. Plaintiff brought in the uniform and while Plaintiff was supposed to receive about $650.00 was only paid about $182.00 from the owner.

16. Plaintiff denied the check and began arguing with the owner.

17. Due to this altercation, the owner withdrew a gun and pointed it towards the Plaintiff. He then instructed him to leave and informed him that he was not going to pay to him and that Plaintiff should go find himself an Attorney.

18. The owner also terminated another employee due to the fact that he was defending the Plaintiff at work.

19.  Defendant did not pay this employee his last check as well.

## COUNT I
### *Osvaldo Simon FLSA Violation against VICE TOWING, INC.*

20. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 19 of this complaint as if set out in full herein.

21. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

22. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

23. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through

further discovery.  To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

24.  By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendant's business activities involve those to which the FLSA applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

25. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

26. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    b.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest; and

    c.  Award Plaintiff an equal amount in double damages/liquidated damages; and

    d.  Award Plaintiff the costs of this action, together with reasonable attorney fees; and

    e.  Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

## COUNT II
### *Osvaldo Simon FLSA Violation against Alfredo Egued*

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 19 of this complaint as if set out in full herein.

28. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

29. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

30. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

31. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3

(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendant's business activities involve those to which the FLSA applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

32. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

33. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

f.   Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

g.   Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest; and

h.   Award Plaintiff an equal amount in double damages/liquidated damages; and

i.   Award Plaintiff the costs of this action, together with reasonable attorney fees; and

j.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III

### *FLSA Retaliation against Vice Towing*

34. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 19 of this complaint as if set out in full herein.

35. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

36. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

37. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaints regarding unpaid wages.

38. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    b.  Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

    c.  Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

    d.  Enter an award against Defendant and award Plaintiff compensatory damages for

mental anguish, personal suffering, and loss of enjoyment of life;

e.   Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

Grant Plaintiffs such additional relief as the Court deems just and proper under the

circumstances.

## COUNT IV

### *FLSA Retaliation against Alfredo Egued*

39. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 19

of this complaint as if set out in full herein.

40. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other

manner discriminate against any employee because such employee has filed any complaint or

instituted or caused to be instituted any proceeding under or related to this Act, or has testified or

is about to testify in any such proceeding, or has served or is about to serve on an industry

committee."

41. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation

provision.

42. The motivating factor that caused Plaintiff's adverse employment action as described

above was Plaintiff's complaints regarding unpaid wages.

43. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff

has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

f.   Adjudge and decree that Defendant has violated the FLSA and has done so willfully,

intentionally and with reckless disregard for Plaintiff's rights;

g.   Enter judgment against the Defendant for all back wages from the date of discharge to

the present date and an equal amount of back wages as liquidated damages, and;

h.  Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

i.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

j.  Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## <u>JURY DEMAND</u>

Plaintiff demands trial by jury of all issues triable as of right by jury.


Dated ____12/2/20_____                    Respectfully submitted,


 /s/ Rainier Regueiro_____
**Rainier Regueiro Esq.**
Florida Bar No.: 115578
rregueiro@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (561) 225-1970
Facsimile: (305) 416-5005